## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-1530** (Jackson County 12-F-91)

**Amanda Dawn Golden-Kerns,**
**Defendant Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Amanda Dawn Golden-Kerns's appeal, filed by counsel Kevin B. Postalwait, arises from the Circuit Court of Jackson County, which sentenced petitioner to one to five years in prison by order entered on November 16, 2012. Petitioner argues that the circuit court erred by not granting her probation. The State, by counsel Laura Young, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, petitioner pled guilty to first offense failure to register or provide notice of registration changes, a felony under West Virginia Code § 15-12-8(b).[1] At sentencing, the State recommended that the circuit court order petitioner's sentence to run concurrently with any sentence she may receive from current, similar charges in Marion County. In November of 2012, the circuit court ordered petitioner to serve one to five years in prison. Petitioner now appeals this order.

We review sentencing orders under the following standard:

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2001). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater,* 222 W.Va. 499, 665 S.E.2d 674 (2008).

---

[1] This requirement arose from petitioner's prior conviction of third degree aiding and abetting sexual assault.

Petitioner argues that the circuit court erred by sentencing her to serve time in prison, rather than placing her on probation. Petitioner concedes that the circuit court sentenced her within the statutory bounds of West Virginia Code § 15-12-8(b), but asserts that for the conviction of similar charges in Marion County, she received probation.

Our review of the record indicates no abuse of discretion by the circuit court. Petitioner pled guilty to first offense failure to register or provide notice of registration changes, as provided under West Virginia Code § 15-12-8(b). This section directs that anyone convicted of this felony shall face imprisonment of one to five years. The circuit court was not bound by the probationary sentence petitioner received in Marion County. The sentence imposed by the circuit court was within statutory limits and was not based on an impermissible factor.

For the foregoing reasons, we affirm petitioner's sentence.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II